ACCEPTED
03-15-00064-CV
5229366
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 12:33:19 PM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-15-00064-CV

In the Court of Appeals
For the Third Court of Appeals District
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/11/2015 12:33:19 PM
JEFFREY D. KYLE
Clerk

ELITE AUTO BODY LLC, d/b/a PRECISION AUTO BODY, REY R.
HERNANDEZ, YESICA DIAZ, AND DAVID DAMIAN,
*Appellants,*
v.
AUTOCRAFT BODYWERKS, INC., now known as WASSON ROAD
VENTURES, INC., d/b/a AUTOCRAFT BODYWERKS,
*Appellee.*

Expedited Appeal from the 353rd Judicial District Court,
Travis County, Texas, the Hon. Tim Sulak, Presiding

## APPELLANTS' REPLY BRIEF

Rick Harrison
Texas Bar No. 09120000
rharrison@taubesummers.com
TAUBE SUMMERS HARRISON TAYLOR
MEINZER BROWN, LLP
100 Congress Avenue, 18th Floor
Austin, Texas 78701
Telephone: (512) 472-5997
Telecopier: (512) 472-5248

## COUNSEL FOR APPELLANTS

## ORAL ARGUMENT REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellant lists the following parties affected by this appeal, and their respective counsel:

| APPELLANTS | APPELLEE |
|---|---|
| Elite Auto Body, LLC d/b/a Precision Auto Body, Rey R. Hernandez, Yesica Diaz, and David Damian | Autocraft Bodywerks, Inc., now known as Wasson Road Ventures, Inc., d/b/a Autocraft Bodywerks |
| Trial and Appellate Counsel:<br><br>Rick Harrison<br>Texas Bar No. 09120000<br>rharrison@taubesummers.com<br>S. King<br>Texas Bar No. 24067708<br>aking@taubesummers.com<br>**TAUBE, SUMMERS, HARRISON, TAYLOR MEINZER BROWN, LLP**<br>100 Congress Avenue, 18th Floor<br>Austin, Texas 78701<br>Telephone: (512) 472-5997<br>Facsimile: (512) 472-5248 | Trial and Appellate Counsel:<br><br>James Ruiz<br>Texas Bar No. 17385860<br>jruiz@winstead.com<br>Jacylyn G. Austein<br>Texas Bar No. 24069760<br>Jaustein@winstead.com<br>**WINSTEAD, P.C.**<br>401 Congress Avenue, Suite 2100<br>Austin, Texas 78701<br>Telephone: (512) 370-2818<br>Facsimile: (512) 370-2850 |

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. ii

TABLE OF AUTHORITIES ........................................................................ iii

I.    OVERVIEW ............................................................................................1

II.   ARGUMENT ...........................................................................................2

  A.   APPELLANTS SHOW BY A PREPONDERANCE OF THE
       EVIDENCE THAT APPELLEE'S CLAIMS ARE BASED
       ON, RELATE TO, OR ARE IN RESPONSE TO THEIR
       EXERCISE OF THE RIGHT OF FREE SPEECH AND
       RIGHT OF ASSOCIATION. ................................................................3

  B.   PRIVATE SPEECH IS PROTECTED UNDER THE TCPA. ............5

  C.   TCPA DOES NOT EXEMPT CLAIMS FOR TRADE
       SECRETS, UNFAIR COMPETITION OR BREACH OF
       FIDUCIARY DUTY BECAUSE THEY ARE BASED UPON
       PURPORTED TRADE SECRETS. ........................................................5

  D.   APPELLEE'S CLAIMS DO NOT QUALIFY FOR THE
       COMMERCIAL SPEECH EXCEPTION. ..........................................7

  E.   APPELLEE'S RESPONSE BRIEF MASKS THAT IT HAS
       NO   EVIDENCE   TO   COUNTER   APPELLANTS'
       POSITION OR MEET ITS BURDEN OF ESTABLISHING
       A PRIMA FACIE CASE FOR EACH ELEMENT OF ITS
       CLAIMS. ............................................................................................10

III.  CONCLUSION AND PRAYER ...........................................................11

CERTIFICATE OF SERVICE ......................................................................13

CERTIFICATE OF COMPLIANCE ............................................................13

# TABLE OF AUTHORITIES

**Cases**

*BBB of Metro. Dallas, Inc. v. BH DFW, INC.,* 402 S.W.3d 299 (Tex. App.—Dallas 2013, pet. filed)...................................................................9

*Combined Law Enforcement Assocs. Of Texas v. Sheffield,* Cause No. 03-13-00105-CV, 2014 WL 411672, at *11012 (Tex. App.—Austin, January 31, 2014, pet. filed) ...........................................................................6

*In Re Lipsky,*13-0928, 2015 WL 1870073, at *7 (Tex. Apr. 24, 2015)............ 10, 11

*Lippincott and Parks v. Whisenhunt,*  13-0926, 2015 WL 1967025 (Tex. April 24, 2015)............................................................................................5

*Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 89 (Tex. App.—Houston [1st Dist.] 2013), *reh'g overruled* (Dec. 19, 2013), *review denied* (May 16, 2014) ...........................................8

*Schimmel v. McGregor*, 438 S.W.3d 847, 857–58 (Tex. App.—Houston [1st Dist.] 2014, pet. filed) .........................................................................10

*Unigard Sec. Ins. Co. v. Schaefer*, 572 S.W.2d 303, 307 (Tex. 1978).....................7

**Statutes**

TEX. CIV. PRAC. & REM. CODE 27.001(2)-(3)..........................................................4

TEX. CIV. PRAC. & REM. CODE  § 27.001(2)–(4) ......................................................6

TEX. CIV. PRAC. & REM CODE § 27.003................................................................6

TEX. CIV. PRAC. & REM. CODE § 27.005(b) ............................................................3

TEX. CIV. PRAC. & REM. CODE § 27.005(c) ............................................................3

TEX. CIV. PRAC. & REM. CODE § 27.010................................................................8

TEX. CIV. PRAC. & REM. CODE § 27.010(b)................................................. 2, 7, 8, 9

TEX. CIV. PRAC. & REM. CODE  § 27.010(c)–(d) ......................................................6

In the Court of Appeals
For the Third Court of Appeals District
Austin, Texas

ELITE AUTO BODY LLC, d/b/a PRECISION AUTO BODY, REY R. HERNANDEZ, YESICA DIAZ, AND DAVID DAMIAN,
*Appellants,*
v.
AUTOCRAFT BODYWERKS, INC., now known as WASSON ROAD VENTURES, INC., d/b/a AUTOCRAFT BODYWERKS,
*Appellee.*

Expedited Appeal from the 353rd Judicial District Court,
Travis County, Texas, the Hon. Tim Sulak, Presiding

**APPELLANTS' REPLY BRIEF**

TO THE HONORABLE THIRD COURT OF APPEALS:

## I.  OVERVIEW

Appellee did not file this lawsuit because Appellants stole trade secrets or absconded with other confidential information. Appellee filed this lawsuit for one reason—to shut down a competitive enterprise that is staffed primarily with former employees of Appellee. Appellee is using the court system to leverage its superior cash flow position to force Appellants into expensive purposeless litigation, and in

so doing intimidate and silence Appellants so as to restrict their exercise of association and free speech in engaging in a competitive venture which could hire Appellee's current and former employees. This is underscored by the lack of ANY evidence of purported trade secrets or confidential information necessary to support Appellee's claims for alleged trade secret misappropriation, breach of fiduciary duty, and unfair competition. Because Appellee has no evidence to support its causes of actions, its entire case should be dismissed.

## II. ARGUMENT

Appellee's reply brief is telling both in what it includes, and what it fails to include. Appellee does not provide this Court with evidence to counter Appellants' evidence or support its own claims. Instead Appellee's response attempts to avoid dismissal under the TCPA by narrowing the scope of the statute, an entirely legal attack. First, Appellee asserts that private speech is not protected under the TCPA, then it alleges that the TCPA does not apply to causes of action for trade secrets, unfair competition, and breach of fiduciary duty; and finally Appellee attempts to position its claims to fit into the commercial speech exception to the TCPA found in TEX. CIV. PRAC. & REM. CODE § 27.010(b). Appellee's attempt to avoid the scope of the TCPA is futile, as TCPA's statutory language

2

urges broad application, and case law supports its application to the facts in the underlying lawsuit.

> **A. APPELLANTS SHOW BY A PREPONDERANCE OF THE EVIDENCE THAT APPELLEE'S CLAIMS ARE BASED ON, RELATE TO, OR ARE IN RESPONSE TO THEIR EXERCISE OF THE RIGHT OF FREE SPEECH AND RIGHT OF ASSOCIATION.**

Courts assessing TCPA's application undertake a two-step analysis. The movant must first show by a preponderance of the evidence that the plaintiff's claim "is based on, relates to, or is in response to the [movant's] exercise of the right of free speech… or the right of association. TEX. CIV. PRAC. & REM. CODE § 27.005(b). If the movant is able to demonstrate that the plaintiff's claim implicates one of these rights, the second step shifts the burden to the plaintiff to "establish []by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c).

The relief Appellee seeks underscores that its claims are based on, relate to, or are in response to the Appellants' exercise of their rights of association and free speech. Appellee seeks to enjoin the Appellants from disclosing or using Appellee's confidential information and trade secrets, or hiring Appellee's former employees using such information. The Appellants have presented evidence that the information identified by Appellee is not confidential or trade secret, but rather

3

tools commonly used by businesses in the Appellants' industry, which are essential to communications in pursuit of their common interest of operating a competitive automobile body repair business. Hernandez Declaration, ¶¶ 8-9 **[CR 27]**; Damian Declaration, ¶ 6 **[CR 30]**. *See* TEX. CIV. PRAC. & REM. CODE 27.001(2-3). Because the purported confidential information and trade secrets are actually basic and commonly used elements of a body shop's business, success by Appellee on its claims effectively prevents Appellants from engaging in lawful business competition and would prevent them from both communicating non-proprietary business practices and communicating with former or current employees of Appellee. **[CR 27, 30]** This underscores that the underlying claims relate to rights of association and speech. It is akin to telling a lawyer that because her prior firm printed off all of the cases from Lexis or Westlaw on a particular topic and arranged them alphabetically, she cannot use cases printed from such services. Notably, Appellee's Response is devoid of evidence which refutes Appellants' evidence, and fails to provide clear and specific evidence of any actual proprietary or trade secret information. These evidentiary absences further support the Appellants' position that the only purpose of the lawsuit is to intimidate and silence the Appellants, and as such are based on, relate to, and in response to their exercise of the rights of free speech and association.

**B.     PRIVATE SPEECH IS PROTECTED UNDER THE TCPA.**

Appellee's position that private speech is not protected under the TCPA has been rejected by the Texas Supreme Court. *Lippincott and Parks v. Whisenhunt*, 13-0926, 2015 WL 1967025 (Tex. April 24, 2015). Appellee states in its Response that the TCPA does not apply to private speech, and as a result this case, which it describes to involve private speech, would not be impacted by the TCPA. Response at p. 13.  To the contrary, the *Whisenhunt* Court held three days after Appellee's Response had been filed that the statute defines "communication" to include any form or medium, including oral, visual, written, audiovisual, or electronic media—regardless of whether the communication takes a public or private form.  *Id.* at 3.   As such, the *Whisenhunt* Court presumed that the Legislature intended to include both public and private communication. *Id*.

**C.     TCPA DOES NOT EXEMPT CLAIMS FOR TRADE SECRETS, UNFAIR COMPETITION OR BREACH OF FIDUCIARY DUTY BECAUSE THEY ARE BASED UPON PURPORTED TRADE SECRETS.**

Appellee's suit for injunctive relief and damages for purported trade secret misappropriation, unfair competition, and breach of fiduciary duty is subject to dismissal under the TCPA, just like any other claim not specifically excepted by the statute.    Appellee attempts to carve out an exception for trade secret misappropriation and causes of actions incorporating such misappropriation on the

basis that such cases fall outside First Amendment concerns fails to acknowledge that the scope the Legislature intended the TCPA address is broader than the protections provided by the Constitution for those same rights. *See Combined Law Enforcement Assocs. Of Texas v. Sheffield,* Cause No. 03-13-00105-CV, 2014 WL 411672, at *11012 (Tex. App.—Austin, January 31, 2014, pet. filed). The issue is not whether the First Amendment may provide defenses to claims for trade secret misappropriation and confidential business information, but rather whether such claims are exempted from the TCPA. The Legislature could have written the TCPA to apply only when a lawsuit is based on a party's exercise of constitutional rights, making the statute's scope co-extensive with First Amendment doctrine. But the Legislature did not. Instead it chose to cover "any legal action" that is based on, relates to, or is in response to the party's exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association. *See* TEX. CIV. PRAC. & REM CODE § 27.003. All three of these terms have statutory definitions considerably broader than what constitutional law may have otherwise covered. *See id*. §§ 27.001(2)–(4).

Likewise, where the Legislature intended to exempt causes of action from the TCPA's all-encompassing scope, it did so expressly. *See id*. §§ 27.010(c)–(d) (exempting all claims for personal injury, wrongful death, survival, or breach of an

6

insurance contract). The Legislature's omission from the TCPA of any exemption for fiduciary duty, trade secret, or unfair competition claims means that no blanket exception can be inferred. *Unigard Sec. Ins. Co. v. Schaefer*, 572 S.W.2d 303, 307 (Tex. 1978) ("When specific exclusions or exceptions to a statute are stated by the Legislature, the intent is usually clear that no others shall apply.")  The Legislature could easily have restricted the TCPA's application to claims not involving trade secret misappropriation allegations.  It did not choose to do so.

Appellee's narrow reading of the statute is inconsistent with the reach of the TCPA.  The purpose behind the statute is to prevent a party from inventing a baseless claim and using such a claim to chill protected activity.  Because Appellee filed the claims to stop Appellants from engaging in their protected rights to association and speech, the TCPA applies.

### D. APPELLEE'S CLAIMS DO NOT QUALIFY FOR THE COMMERCIAL SPEECH EXCEPTION.

Appellee's attempt to apply the TCPA exception found in § 27.010(b) is meritless.  The exception is inapplicable because the statements or conduct (e.g. "proprietary and confidential information and trade secrets") at issue involve operational information for which the intended audience is the employees of the respective body shops and never an actual or potential buyer or customer.  The short shrift Appellee provided this section in its Response seemingly underscores

the lack of faith it placed in this position. Appellee baldly asserts that the exception applies because Appellants (1) are in business selling services, and (2) their rights of free speech and association arise from a common interest in developing and maintaining a business. Although § 27.010(b) identifies certain types of legal actions that are specifically exempted from application of the chapter, Appellee provides no legal authority or analysis in support of the application of this section to the underlying claims in this action.

TEX. CIV. PRAC. & REM. CODE § 27.010. Subsection (b) provides that the TCPA:

> [D]oes not apply to a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer. *Id.* § 27.010(b).

Appellee's causes of actions do not qualify for the exemption. First, the burden of proving the applicability of an exemption from the provisions of an anti-SLAPP statute falls on the party asserting it. *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 89 (Tex. App.—Houston [1st Dist.] 2013), *reh'g overruled* (Dec. 19, 2013), *review denied* (May 16, 2014). There is nothing in Appellee's Response to meet this burden.

8

Second, all commercial speech is not exempted from the chapter, and each element of the section must be met in order to qualify for the exemption. For example, Appellee fails to identify the relationship between the parties, but the relationship at issue must be more than a general commercial relationship. *See BBB of Metro. Dallas, Inc. v. BH DFW, INC.,* 402 S.W.3d 299 (Tex. App.—Dallas 2013, pet. filed) (Insufficient to establish an exemption under § 27.010(b) to merely allege a general commercial relationship between the parties.) Further, the legal action must arise out of a specific transaction, and the behavior complained about must be directed towards actual or potential buyers or customers. *See id.* As set forth above, the statement or conduct at issue herein is Appellants' purported misappropriation of alleged trade secrets, proprietary, and confidential information. Appellee fails to provide evidence that such statement or conduct "arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer."

Finally, the exception does not apply because the "intended audience" for Appellants' communications was either fellow employees engaging in the Appellants' operations, or potential future employees. *See* Tex. Civ. Prac. & Rem. Code § 27.010(b) (limiting exception to those communications "in which the

intended audience is an actual or potential buyer or customer"). None of the intended audiences are buyers or customers of any goods or services that Appellants are selling.

Courts have declined to apply the commercial-speech exception in circumstances where the ultimate audience was not a potential buyer or customer. *See Schimmel v. McGregor*, 438 S.W.3d 847, 857–58 (Tex. App.—Houston [1st Dist.] 2014, pet. filed) (refusing to apply commercial-speech exception to attorney's comments because "ultimate intended audience" was city government, which was not "a 'potential buyer or customer'" of his legal services). Appellee has not met its burden of proving that the commercial speech exception applies.

**E.    APPELLEE'S RESPONSE BRIEF MASKS THAT IT HAS NO EVIDENCE TO COUNTER APPELLANTS' POSITION OR MEET ITS BURDEN OF ESTABLISHING A PRIMA FACIE CASE FOR EACH ELEMENT OF ITS CLAIMS.**

Despite spending seven pages on the section relating to Appellee's burden to establish a prima facie case for each element of its claims, Appellee spends less than a page and a half describing its purported evidence. Even that synopsis emphasizes that the only support Appellant has to bolster its opinion consists of conclusory, bare, baseless opinions. As the Supreme Court recently stated, the TCPA requires more. *In Re Lipsky,* 13-0928, 2015 WL 1870073, at *7 (Tex. Apr. 24, 2015). A plaintiff must provide sufficient detail to show the factual basis for

its claim. *Id.* In the *In Re Lipsky* matter, the Plaintiff attempted to support its claim in general terms in an affidavit that included "bare, baseless opinions" that were not based on "demonstrable facts and a reasoned basis." *Id.* at 9 ("Although the affidavit states that Range "suffered direct pecuniary and economic losses," it is devoid of any specific facts illustrating how Lipsky's alleged remarks about Range's activities actually caused such losses.") As identified in Appellants' Brief Appellee failed to provide the quantum of evidence necessary to satisfy TCPA's requirement of clear and specific evidence requirement to support any of its causes of actions. Instead Appellee's Response focuses on distractions for the Court, including whether circumstantial evidence is sufficient to meet its burden, and whether in the absence of the trial court ruling on Appellants' objections the content of Appellee's defective affidavit waived the underlying objections. Appellants challenge the Court to find any evidence (circumstantial or otherwise) that supports the elements of Appellee's causes of action. It does not exist.

## III. CONCLUSION AND PRAYER

Appellee seeks injunctive relief that will directly impede the Appellants' exercise of their rights of association and speech. Appellee asks for this relief without providing any evidence that its underlying causes of action have any

11

substance. This is the type of meritless action that the TCPA is intended to prohibit, and as such Appellants ask the Court to reverse the trial court's order denying the Motion to Dismiss, order that all of Appellee's claims in this matter shall be dismissed, award the Appellants their attorneys' fees and expenses, and grant them such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**TAUBE SUMMERS HARRISON**
**TAYLOR MEINZER BROWN, LLP**

By:     /s/ Rick Harrison
        Rick Harrison
        Texas Bar No. 09120000
        S. King
        Texas Bar No. 24067708
        aking@taubesummers.com
        100 Congress Avenue, 18th Floor
        Austin, Texas  78701
        Telephone:  (512) 472-5997
        Facsimile:  (512) 472-5248

ATTORNEYS FOR APPELLANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has this 11th day of May, 2015, been forwarded to counsel of record via electronic service as follows:

James Ruiz
Texas Bar No. 17385860
jruiz@winstead.com
Jacylyn G. Austein
Texas Bar No. 24069760
Jaustein@winstead.com
**WINSTEAD, P.C.**
401 Congress Avenue, Suite 2100
Austin, Texas 78701
Telephone: (512) 370-2818
Facsimile: (512) 370-2850

ATTORNEYS FOR APPELLEE


 /s/ Rick Harrison
Rick Harrison


## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the word limit of Tex. R. App. P. 9.4(i)(2)(B) because this brief contains 2,385 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).


 /s/ Rick Harrison
Rick Harrison


Dated: May 11, 2015