# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0926
════════════

MATTHEW LIPPINCOTT AND CREG PARKS, PETITIONERS,

v.

WARREN WHISENHUNT, RESPONDENT

════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SIXTH DISTRICT OF TEXAS
════════════════════════════════════════════════════

**PER CURIAM**

A court may not judicially amend a statute by adding words that are not contained in the language of the statute. Instead, it must apply the statute as written. This appeal involves the Texas Citizens Participation Act, under which a defendant may move to dismiss a claim involving the exercise of the right to free speech upon a showing that the communication was made in connection with a matter of public concern. Here, the court of appeals held that the Act only applies to communications that are public in form. But the plain language of the Act merely limits its scope to communications involving a public subject—not communications in public form. Accordingly, we reverse the court of appeals' judgment and remand to that court for further proceedings consistent with this opinion.

In May 2012, Creg Parks and Matthew Lippincott, administrators at First Surgery Suites, LLC (First Surgery), allegedly made disparaging comments about Warren Whisenhunt, a certified registered nurse anesthetist contracted to provide anesthesiology services for First Surgery's patients.

As proof of these disparaging comments, Whisenhunt included copies of several emails sent by Lippincott to four recipients summarizing reports Lippincott claimed to have received and, in some instances, investigated about Whisenhunt. The reports alleged that Whisenhunt represented himself to be a doctor, endangered patients for his own financial gain, and sexually harassed employees.

Whisenhunt filed suit against Lippincott and Parks for defamation, tortious interference with existing and prospective business relations, and conspiracy to interfere in business relations. Lippincott and Parks moved to dismiss all the claims based on the Texas Citizens Participation Act. The trial court granted Lippincott and Parks's motion to dismiss in part and denied it in part, concluding that Whisenhunt met the minimum threshold to proceed with the defamation claim but failed to provide sufficient evidence to proceed with the other claims. The court of appeals reversed and remanded, concluding that because the Act does not apply to private communications, it was inapplicable to this case. 416 S.W.3d 689, 699–700.

This appeal requires us to construe the Act, and we review issues of statutory construction de novo. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). Our objective in construing a statute is to give effect to the Legislature's intent, which requires us to first look to the statute's plain language. *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008). If that language is unambiguous, we interpret the statute according to its plain meaning. *Id.* We presume the Legislature included each word in the statute for a purpose and that words not included were purposefully omitted. *In re M.N.*, 262 S.W.3d 799, 802 (Tex. 2008). We are also mindful that the Legislature has directed us to construe this Act "liberally to effectuate its purpose and intent fully." TEX. CIV. PRAC. & REM. CODE § 27.011.

To assert a motion to dismiss under the Act, the defendant must show "by a preponderance

2

of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of . . . the right of free speech." *Id.* § 27.005(b). The statute broadly defines "the exercise of the right of free speech" as "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). Under this definition, the right of free speech has two components: (1) the exercise must be made in a communication and (2) the communication must be made in connection with a matter of public concern. We address each element in turn.

First, the statute defines "communication" as "the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1). The court of appeals concluded that because the purpose of the Act, as described in section 27.002, includes the phrase "otherwise participate in government," the Act only protects public communication. 416 S.W.3d at 697. We disagree.

This statute defines "communication" to include any form or medium, including oral, visual, written, audiovisual, or electronic media—regardless of whether the communication takes a public or private form. TEX. CIV. PRAC. & REM. CODE § 27.001(1). The plain language of the statute imposes no requirement that the form of the communication be public. Had the Legislature intended to limit the Act to publicly communicated speech, it could have easily added language to that effect. *See In re M.N.*, 262 S.W.3d at 802. In the absence of such limiting language, we must presume that the Legislature broadly included both public and private communication. TEX. CIV. PRAC. & REM. CODE § 27.011.

Next, we must determine whether the communications were made in connection with a matter of public concern. Here, the emails related to whether Whisenhunt, as a nurse anesthetist, properly provided medical services to patients. The allegations include claims that Whisenhunt

3

"failed to provide adequate coverage for pediatric cases," administered a "different narcotic than was ordered prior to pre-op or patient consent being completed," falsified a scrub tech record on multiple occasions, and violated the company's sterile protocol policy. We have previously acknowledged that the provision of medical services by a health care professional constitutes a matter of public concern. *See Neely v. Wilson*, 418 S.W.3d 52, 70 n.12 & 26 (Tex. 2013) (determining that the public had a right to know about a doctor's alleged inability to practice medicine due to a mental or physical condition); *see also* TEX. CIV. PRAC. & REM. CODE § 27.001(7) (defining "matter of public concern" to include issues related to health or safety, community well-being, and the provision of services in the marketplace, among other things). Thus, we conclude these communications were made in connection with a matter of public concern.

Lippincott and Parks successfully demonstrated the applicability of the Act. The court of appeals must now consider, among other matters, whether Whisenhunt met the prima facie burden the Act requires. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c). Because *In re Lipsky*, __ S.W.3d. __, __ (Tex. 2015), squarely addresses the standard a plaintiff must meet in order to establish a prima facie case, we reverse the court of appeals' judgment without hearing oral argument, *see* TEX. R. APP. P. 59.1, and remand this case to that court for further proceedings consistent with this opinion and in light of our analysis in *Lipsky*.

**OPINION DELIVERED:** April 24, 2015

4