

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

February 16, 2016

The Honorable Jeri Yenne
Brazoria County Criminal District Attorney
111 East Locust Street, Suite 408A
Angleton, Texas 77515

Opinion No. KP-0064

Re: Circumstances under which a truancy court may refer a child to the juvenile probation department, and circumstances under which a child may be prosecuted for delinquent conduct (RQ-0046-KP)

Dear Ms. Yenne:

You ask us to construe two provisions in newly-added chapter 65 of the Family Code,[1] which now governs court jurisdiction and procedures relating to truancy.[2] You first ask about a truancy court's referral of a child to a juvenile probation department. Request Letter at 1–3.

Subsection 65.251(b) of the Family Code provides, in relevant part, that

> [i]f a child fails to obey an order issued by a truancy court under Section 65.103(a) or a child is in direct contempt of court and the child has failed to obey an order or has been found in direct contempt of court on two or more previous occasions, the truancy court . . . may refer the child to the juvenile probation department . . . .

TEX. FAM. CODE § 65.251(b). You explain that this provision could be interpreted in a number of ways depending on the grammatical construction of the phrases beginning with the words "or" and "and" in the sentence. Request Letter at 2. Thus, you ask this office for assistance in determining the meaning of subsection 65.251(b). *Id.* at 2–3.

As with any statute, our goal in construing subsection 65.251(b) is to give effect to the Legislature's intent. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). "[W]hen

---

[1]House Bill 2398, passed during the 84th legislative session, added chapter 65 to the Family Code as part of a comprehensive effort to decriminalize truancy and reform the state's truancy procedures. *See* Act of May 30, 2015, 84th Leg., R.S., ch. 935, § 27, Tex. Gen. Laws 3224, 3236–49 (codified at TEX. FAM. CODE §§ 65.001–.259); *see also generally* Sen. Crim. Justice Comm., Bill Analysis, Tex. Comm. Sub. H.B. 2398, 84th Leg., R.S. (2015).

[2]*See* Letter from Honorable Jeri Yenne, Brazoria Cty. Crim. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1–4 (Aug. 17, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

statutory language is susceptible to more than one reasonable interpretation, [a court] look[s] beyond its language for clues to the Legislature's intended meaning." *In re Smith*, 333 S.W.3d 582, 586 (Tex. 2011). One such clue comes from another subsection of section 65.251. *See Tex. Student Hous. Auth. v. Brazos Cty. Appraisal Dist.*, 460 S.W.3d 137, 141 (Tex. 2015) (stating that when construing a statute, a court will focus "not on isolated words or phrases but on the statute as a cohesive, contextual whole"). Subsection 65.251(a) provides that "[i]f a child fails to obey an order issued by a truancy court . . . or a child is in direct contempt," a truancy court may impose a fine, restrict driving privileges, or both. *See* TEX. FAM. CODE § 65.251(a). Subsection 65.251(a)'s imposition of these penalties upon a single occurrence of either truancy order defiance or direct contempt suggests that subsection 65.251(b) requires something more than a single occurrence of either behavior to trigger its provisions. Otherwise, there would be no reason to express the penalty for a single occurrence in a separate subsection. *See City of Dallas v. TCI West End, Inc.*, 463 S.W.3d 53, 55–56 (Tex. 2015) (stating that "an interpretation that renders any part of the statute meaningless" should be avoided).

The grammatical structure of subsection 65.251(b) can thus be read to pivot on the conjunctive word "and," requiring the occurrence of some additional condition expressed after the conjunction. The question then is whether either of the additional conditions (*i.e.*, the child failing to obey an order or engaging in direct contempt) must have occurred "on two or more previous occasions" or whether that phrase refers only to direct contempt. Again, we seek clarity from the surrounding text by examining subsection 65.251(c), which sets forth the documentation required when a referral to a juvenile probation department is made. That subsection, in relevant part, requires a truancy court to provide

> documentation of all truancy orders *for each of the child's previous truancy referrals*, including: (A) court remedies and documentation of the child's failure to comply with the truancy court's orders, if applicable, demonstrating all interventions that were exhausted by the truancy court; and (B) documentation describing the child's direct contempt of court, if applicable[.]

TEX. FAM. CODE § 65.251(c)(2) (emphasis added). Thus, subsection (c) suggests that, regardless of the category, there must have been two or more previous occurrences of an offending behavior before the truancy court may refer the child to a juvenile probation department.[3] This construction also simplifies the execution of the statute because it results in a child's eligibility for juvenile probation department referral upon the third commission of any combination of the offending behaviors, thus making it consistent with the Legislature's express purpose in "creating simple civil judicial procedures" for holding a child accountable for excessive school absences. *Id.* § 65.001(b). In sum, a court would likely conclude that under subsection 65.251(b) of the Family Code, a truancy court may refer a child to the juvenile probation department for either failure to obey a truancy order or direct contempt; however, such a referral requires two prior instances of

---

[3]No language in chapter 65 appears to limit the prior contemptuous behavior requirement to the same category. Thus, one instance of truancy order defiance together with one instance of direct contempt would constitute the requisite "two or more previous occasions" of offending behavior for purposes of subsection 65.251(b).

contemptuous behavior regardless of form—either failure to obey a truancy order or direct contempt.

Your second question concerns prosecutorial discretion under section 65.252 of the Family Code. *See* Request Letter at 3–4. Under section 65.252, after a child is referred to a juvenile court, "the juvenile court prosecutor shall determine" whether there is probable cause to believe the child engaged in direct contempt or failed to obey a truancy order under circumstances that would constitute contempt of court. TEX. FAM. CODE § 65.252(a). If there is no probable cause, the juvenile court must order the child to continue his or her compliance with the truancy order and must notify the truancy court.[4] *Id.* § 65.252(c). On a finding of probable cause, "the prosecutor shall determine whether to request an adjudication" from the juvenile court. *Id.* § 65.252(a). Subsections 65.252(a) and (b) describe this particular adjudication process, which would involve "a hearing to determine if the child engaged in conduct that constitutes contempt of the order issued by the truancy court or engaged in direct contempt of court." *Id.* § 65.252(a)–(b). During this hearing, if the juvenile court makes a finding of either such behavior, the court, among other things, "shall . . . admonish the child . . . of the consequences of subsequent referrals to the juvenile court, including . . . a possible charge of delinquent conduct for contempt of the truancy court's order or direct contempt of court." *Id.* § 65.252(b). Subsection 65.252(d), however, expressly states that section 65.252 "does not limit the discretion of a juvenile prosecutor or juvenile court to prosecute a child for conduct under Section 51.03." *Id.* § 65.252(d).

House Bill 2398 amended the definition of "delinquent conduct" in subsection 51.03(a) to include "conduct that violates a lawful order of a court under circumstances that would constitute contempt of that court in . . . *a truancy court.*" Act of May 30, 2015, 84th Leg., R.S., ch. 935, § 18, Tex. Gen. Laws 3224, 3233 (codified at TEX. FAM. CODE § 51.03(a)(2)(C)) (emphasis added). Thus, you ask "whether a prosecutor and juvenile court must comply with Section 65.252(a)–(c) of the Texas Family Code in the first instance of a child's referral . . . to juvenile court, or whether a prosecutor and juvenile court maintain discretion under Section 65.252(d) to prosecute the child for delinquent conduct at any time." Request Letter at 4.

Although the mandatory admonishments to be given by the juvenile court in subsection 65.252(b) do refer to a possible delinquent conduct charge in future terms upon "subsequent" referrals, suggesting that such a prosecution would not be the consequence of a child's initial referral to juvenile court, subsection (b) must be read in conjunction with subsection (a). Subsection 65.252(a) gives a juvenile prosecutor the discretion to "determine *whether to* request" the adjudication process described by subsections (a) and (b) in the first instance. TEX. FAM. CODE § 65.252(a) (emphasis added). Only if the prosecutor requests an adjudication under subsection 65.252(a) does a juvenile court proceed to "adjudicate" on the question of contempt, and only upon an affirmative finding does the juvenile court admonish the child regarding a "possible" future charge of delinquent conduct. By expressly stating that section 65.252 does not limit the prosecutor's discretion to prosecute the child on a formal delinquent conduct charge under other law, the Legislature has indicated that the adjudication process of 65.252 is at the discretion of the

---

[4]The juvenile court must do the same "if the juvenile probation department finds that extenuating circumstances caused the original truancy referral." TEX. FAM. CODE § 65.252(c).

juvenile prosecutor. Thus, the prosecutor maintains discretion under subsection 65.252(d) to prosecute a child for delinquent conduct as set forth in subsection 51.03(a)(2)(C) even on a child's initial referral to juvenile court. This construction affords a juvenile prosecutor the flexibility to handle a child's defiance of a truancy order with the level of severity most appropriate for that child. *See id.* § 65.012 (authorizing the Texas Supreme Court to promulgate "guidelines [for] the informal disposition of truancy cases"); *see also id.* § 65.001(c) (stating that in adjudicating a child's truant conduct, "[t]he best interest of the child is the primary consideration").

## S U M M A R Y

A court would likely conclude that under subsection 65.251(b) of the Family Code, a truancy court may refer a child to the juvenile probation department for either failure to obey a truancy order or direct contempt; however, such a referral requires two prior instances of contemptuous conduct regardless of form—either failure to obey a truancy order or direct contempt.

A court would likely conclude that a juvenile prosecutor maintains discretion under subsection 65.252(d) of the Family Code to prosecute a child for delinquent conduct as set forth in subsection 51.03(a)(2)(C) of the Family Code even on a child's initial referral to juvenile court.

Very truly yours,

KEN PAXTON
Attorney General of Texas


CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee