# IN THE SUPREME COURT OF TEXAS

═══════════

No. 16-0542

═══════════

FORT WORTH TRANSPORTATION AUTHORITY,
MCDONALD TRANSIT ASSOCIATES, INC., MCDONALD TRANSIT, INC.,
AND LESHAWN VAUGHN, PETITIONERS,

v.

MICHELE RODRIGUEZ AND
NEW HAMPSHIRE INSURANCE COMPANY, RESPONDENTS

═══════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS

═══════════════════════════════════════════

JUSTICE JOHNSON, joined by JUSTICE LEHRMANN and JUSTICE BOYD, dissenting.

Assuming McDonald Transit Associates, Inc. (MTA) and McDonald Transit, Inc. (MTI) are governmental entities for purposes of liability as the Court says they are, in my view, Rodriguez is correct that under the Texas Tort Claims Act (1) her damages are not cumulative as to Fort Worth Transportation Authority (FWTA), MTA, and MTI, so her potential recovery against all three is not limited to $100,000; and (2) her suit against Vaughn is not barred. I respectfully dissent from the Court's conclusions otherwise and its judgment based on those erroneous conclusions.

## I. The Statutes

Under the Texas Tort Claims Act (TTCA), the Legislature has, in part, waived a governmental unit's immunity as to injuries or death arising from the operation or use of a motor-driven vehicle. TEX. CIV. PRAC. & REM. CODE § 101.021. As relevant to this matter, the waiver allows damages of up to $100,000 per person to be recovered from a unit of local government. *Id.* § 101.023(b). And under the election-of-remedies provision of the TTCA, "[t]he filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." *Id.* § 101.106(a).

The Transportation Code purports to limit the liability of certain private operators who contract with and perform functions of regional transportation authorities:

> A private operator who contracts with an authority under this chapter is not a public entity for purposes of any law of this state *except* that an independent contractor . . . that . . . performs a function of the authority . . . is liable for damages *only to the extent* that the authority or entity would be liable if the authority or entity itself were performing the function . . . .

TEX. TRANSP. CODE § 452.056(d) (emphasis added).

## II. Discussion

### A. The Entities

I agree with the Court that by enacting section 452.056, the Legislature did not attempt to grant private contractors immunity from damages. Rather, it attempted to limit the *extent* of their liability. *Ante* at __. Rodriguez does not challenge the Legislature's authority to limit the liability of MTI and MTA, but she asserts that nothing in the language of section 452.056 limits her potential

recovery from the three entities involved—FWTA, MTA, and MTI—to a cumulative total of $100,000. The Court concludes otherwise. It says that because of the statute, "the liability of independent contractors performing essential governmental functions is limited to a single damages cap under the TTCA." *Ante* at __. However, the statutory text does not support that conclusion.

The Court looks to the functions performed by MTA and MTI and concludes that they acted jointly in operating the public transportation system. The Court then concludes that the damages cap applies cumulatively because FWTA's liability would be limited to $100,000 if it had performed all of the functions necessary to operate the transportation system, including those performed by MTA, MTI, and their employees. And while the Court may be correct regarding the extent of FWTA's liability if it itself had performed all the activities relevant to Rodriguez's claim, section 452.056 does not limit the liability of individual independent contractors, such as MTA and MTI, based on the functions they contracted to perform. Although the language of the statute limits a private operator's liability when it performs a function of an authority, the limit applies to "*an* independent contractor." TEX. TRANSP. CODE § 452.056(d) (emphasis added). MTA is an independent contractor performing functions of FWTA. So is MTI. Applying the statute to each as "*an* independent contractor" yields the result that each is liable for damages to the extent FWTA would be liable had it performed "the function." Nothing in the statute provides that if multiple private operators have contracted with an authority, then either their functions must be considered to determine whether those functions are joint or the total of their liabilities is in any way combined.

The Court concludes that "the Legislature has instructed that, for the purpose of liability, an independent contractor performing the function of an authority . . . should be treated as if it were the

3

governmental unit performing that function." *Ante* at ___. Contrary to the Court's statement, though, nothing in the language of section 452.056(d) either explicitly or implicitly "instructs" that such an independent contractor should be treated as a governmental entity.

In construing statutes, we strive to give effect to the Legislature's intent, looking for that intent first and foremost in the plain language of the statute. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015). In subsection 452.056(d), the Legislature chose to limit the liability of private operators for damages only to the extent that a transportation authority would be liable. Nothing in the language of section 452.056 indicates the Legislature intended to extend full governmental status to private contractors. *See id.* at 508 ("A court may not judicially amend a statute by adding words that are not contained in the language of the statute. Instead, it must apply the statute as written."). If the Legislature had so intended, it would, and should, have said so. Moreover, and to the exact contrary, the Legislature made clear that it was limiting the governmental attributes it extended to private operators by stating that a private operator is "*not* a public entity." TEX. TRANSP. CODE § 452.056(d) (emphasis added).

The Court continues by concluding that applying the TTCA damages cap to each individual contractor would essentially multiply the cap and run counter to the Legislature's intent to limit the government's liability and encourage the use of independent contractors. *Ante* at ___. But as explained above, the Legislature explicitly chose not to treat private operators as governmental entities. TEX. TRANSP. CODE § 452.056(d). And limiting the liability of each individual contractor to $100,000, the amount for which FWTA could be liable under the TTCA, will still result in limited liability for FWTA. Moreover, there is nothing in this record hinting that limiting the liability of

4

independent contractors to $100,000 each will discourage contractors from bidding on government contracts or discourage governmental entities from using contractors when appropriate. To the contrary, experience and common sense instruct otherwise. There is no shortage of independent contractors willing to bid on and perform government contracts.

In *Brown & Gay Engineering, Inc. v. Olivares*, we recently considered whether to extend the protections of immunity to private contractors. 461 S.W.3d 117, 122 (Tex. 2015). We explained that the rationale for and purpose supporting sovereign and governmental immunity is protection of the public fisc. *Id.* at 121–22. We noted that such immunity guards against unforeseen expenditures associated with defending lawsuits and paying judgments and that "private companies can and do manage their risk exposure by obtaining insurance." *Id.* at 121–23. We concluded that "[e]ven if holding a private party liable for its own improvident actions in performing a government contract indirectly leads to higher overall costs to government entities in engaging private contractors, those costs will be reflected in the negotiated contract price." *Id.* at 123. Because extending immunity to the private contractor would not have furthered the purpose of immunity, we declined to do so. *Id.* at 124.

In this case, we should follow the principles we expressed in *Brown & Gay Engineering.* While the Court concludes that section 452.056 does not attempt to extend full immunity to private contractors, it also concludes that it could not have been the Legislature's intent to allow a transportation authority's use of independent contractors to result in an increase in the amount of a recovery under the TTCA. *Ante* at __. But applying the damages cap to MTA and MTI individually does not expand the liability of FWTA under the TTCA. It is one thing to protect

5

governmental entities and the public fisc from judgments. It is another to limit the liability of a private party and thereby shift the burden of injury from the tortfeasor to the injured person just because the tortfeasor was performing a governmental function when it caused the injury. The organizational model of FWTA, MTA, and MTI as independent entities did not come about by happenstance. Indeed, it would blink reality to even think that the three entities, with their intricate divisions of responsibilities, liabilities, and relationships, were the result of other than careful planning and documentation. In some tangential way, the public fisc may be affected where private contractor tortfeasors can be sued by persons they injure because the contractor's bid price likely will include some amount for liability insurance premiums and related costs. *See Brown & Gay Engineering*, 461 S.W.3d at 122. But where the liability of a governmental entity such as FWTA is limited regarding injuries caused by independent contractors such as MTI and MTA, both the purpose underlying governmental immunity—protection of the public fisc—and the purpose underlying the tort system—requiring wrongdoers to compensate those they have injured—are fulfilled. Moreover, private entities assume the risks of defending against, and potential liability for, tort claims on a daily basis. That is so whether they are performing governmental functions under contracts with the government or performing nongovernmental functions under contracts with private parties: it is part of doing business. Indeed, those risks are part of every nongovernmental entity's daily existence.

## B. The Bus Driver Employee

The Court next concludes that "for the purpose of liability, an independent contractor performing essential governmental functions under chapter 452 of the Transportation Code shall be

6

treated as the government; therefore, the employees of such an independent contractor are to be treated as employees of the government for purposes of liability." *Ante* at __. Of course, the TTCA would not apply to Leshawn Vaughn and would not even be part of the discussion if she were not employed by a governmental unit. And as noted above, I disagree with the Court that MTA and MTI either are, or should be treated as, governmental units. But, even given the Court's mistaken conclusion regarding their status and treatment, the Court errs in its analysis regarding whether the TTCA's election of remedies provision applies to Vaughn.

The TTCA provides that "[t]he filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE § 101.106(a). But the Act specifically excludes employees of independent contractors from the definition of "employee." *Id.* § 101.001(2). The Court acknowledges this language, but concludes that despite it, "an independent contractor performing essential governmental functions under chapter 452 of the Transportation Code shall be treated as the government; therefore, the employees of such an independent contractor are to be treated as employees of the government for purposes of liability." *Ante* at __. This is directly contrary to what the statute actually says. TEX. CIV. PRAC. & REM. CODE § 101.001(2).

In disregarding the plain statutory language as to Vaughn, the Court relies on *Klein v. Hernandez*, 315 S.W.3d 1 (Tex. 2010) to support treating "an employee of a private entity as an employee of the government when that employee was performing a governmental function." *Ante* at __. In *Klein*, this Court addressed whether a doctor who was a resident physician in a private

7

medical school, but who was working at a public hospital, was to be treated as a public employee. 315 S.W.3d at 2, 4. The statute in question in *Klein* provided that such a resident physician "is an employee of a state agency for purposes of . . . determining the liability, if any, of the person." *Id.* at 4–5 (quoting TEX. HEALTH & SAFETY CODE § 312.007(a)). But the statute here contains no similar language; it does not address employees at all. Even assuming the Legislature intended for MTI to be treated as the government as the Court concludes, if the Legislature intended the TTCA to encompass employees of private operators, it easily could have said so. And its failure to say so creates a presumption that it purposefully intended *not* to say so. *See Lippincott*, 462 S.W.3d at 510 ("The plain language of the statute imposes no requirement that the form of the communication be public. Had the Legislature intended to limit the Act to publicly communicated speech, it could have easily added language to that effect."); *TGS–NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen."). Because the statutory language here does not purport to provide any protection to Vaughn—even considering the Court's erroneous conclusion that her employer, MTI, is to be treated as a governmental entity—I disagree that *Klein* supports the Court's conclusion that Rodriguez's claim is barred.

### C. Constitutionality

This appeal does not present the question of the constitutionality of section 452.056(d)'s language limiting the liability of private operators who contract with a transportation authority. I point out, though, that the Texas Constitution expressly addresses the Legislature's authority to limit

8

a party's liability.  TEX. CONST. art. III, § 66.  The effect of that provision's adoption and its language is an important issue that will at some point have to be addressed.

### III. Conclusion

I would affirm the judgment of the court of appeals holding that (1) Rodriguez's claim is not limited to a single cumulative total recovery of $100,000 from defendants FWTA, MTA, and MTI; and (2) Rodriguez's claim as to Vaughn is neither subject to dismissal under, nor limited in amount by, the TTCA.

_____
Phil Johnson
Justice

**OPINION DELIVERED:**  April 27, 2018