

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

April 23, 2018

The Honorable James White
Chair, House Corrections Committee
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0195

Re: Consequences of failing to comply with the requirements for continuation of existing private transfer fee obligations under section 5.203 of the Property Code (RQ-0205-KP)

Dear Representative White:

You ask multiple questions regarding compliance with the requirements for continuation of existing private transfer fee obligations pursuant to the Texas Property Code.[1] While private transfer fee obligations occur in different forms, one example is a subdivision deed restriction that a developer places on all property in the subdivision, requiring each subsequent buyer of the property to pay a transfer fee to the developer.[2]

In 2011, the Legislature enacted laws regulating, and in large part prohibiting, the use of private transfer fees associated with real property transactions. Act of May 21, 2011, 82d Leg., R.S., ch. 211, § 1, 2011 Tex. Gen. Laws 780, 780–84. It defined "private transfer fee" as "an amount of money, regardless of the method of determining the amount, that is payable on the transfer of an interest in real property or payable for a right to make or accept a transfer." TEX. PROP. CODE § 5.201(4). It also defined "private transfer fee obligation" as:

> an obligation to pay a private transfer fee created under:
>
> (A) a declaration or other covenant recorded in the real property records in the county in which the property subject to the private transfer fee obligation is located;
>
> (B) a contractual agreement or promise; or
>
> (C) an unrecorded contractual agreement or promise.

---

[1]Letter from Honorable James White, Chair, House Corrs. Comm., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 8, 2018), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]See Senate Research Ctr., Bill Analysis, Tex. H.B. 8, 82d Leg., R.S. (2011), available at http://www.capitol.state.tx.us/tlodocs/82R/analysis/pdf/HB00008E.pdf#navpanes=0 (explaining the real estate practice of private transfer fees).

*Id.* § 5.201(5). The Legislature generally made a private transfer fee obligation created on or after the effective date of these provisions void and unenforceable against a subsequent owner or subsequent purchaser of an interest in real property.[3] *Id.* § 5.202(a). In addition, for preexisting private transfer fee obligations, the Legislature enacted detailed notice provisions for the continuation of those private transfer fee obligations:

> (a) A person who receives a private transfer fee under a private transfer fee obligation created before [June 17, 2011] must, on or before January 31, 2012, file for record a "Notice of Private Transfer Fee Obligation" as provided by this section in the real property records of each county in which the property is located.
>
> . . . .
>
> (c) A notice under Subsection (a) must:
>
> > (1) be printed in at least 14-point boldface type;
> >
> > (2) state the amount of the private transfer fee and the method of determination, if applicable;
> >
> > (3) state the date or any circumstance under which the private transfer fee obligation expires, if any;
> >
> > (4) state the purpose for which the money from the private transfer fee obligation will be used;
> >
> > (5) notwithstanding Subsection (b), state the name of each payee and each payee's contact information;
> >
> > (6) state the name and address of the payee of record to whom the payment of the fee must be sent;
> >
> > (7) include the acknowledged signature of each payee or authorized representative of each payee; and
> >
> > (8) state the legal description of the property subject to the private transfer fee obligation.

*Id.* § 5.203(a), (c). The Legislature also required refiling of the notice at regular intervals and amended notices in certain circumstances. *Id.* § 5.203(d).

---

[3]Chapter 5, subchapter G of the Property Code, regulating private transfer fees, became effective on June 17, 2011. Act of May 21, 2011, 82d Leg., R.S., ch. 211, 2011 Tex. Gen. Laws 780, 784.

Relevant to these provisions, you first ask whether a private transfer fee obligation is void if the person who receives the private transfer fee does not comply with the notice requirements of section 5.203 of the Property Code and whether the private transfer fee obligation would be enforceable against a subsequent conveyance of the property. Request Letter at 1. Our primary objective in construing statutes is to give effect to the Legislature's intent. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context . . . ." *Id.* Through section 5.203, the Legislature established detailed and extensive notice requirements with which a payee must comply to continue the existence of a private transfer fee obligation. TEX. PROP. CODE § 5.203(c). The Legislature could not have been more clear about the effect of failing to comply with those notice requirements: "If a person required to file notice under this section fails to comply with this section[,] . . . the private transfer fee obligation is void," and "the property is not subject to further obligation under the private transfer fee obligation." *Id.* § 5.203(f)(2)–(3).

You also ask whether "failure to meet just one requirement" of section 5.203 is sufficient to void the private transfer fee obligation. Request Letter at 1. Section 5.203 details numerous specific requirements for the notice to continue the private transfer fee obligation, including font size, the significant information that must be included in the notice, and when and where the notice must be filed. TEX. PROP. CODE § 5.203(a), (c), (d). The notice requirements are clear, and "[w]here text is clear, text is determinative." *Entergy Gulf States v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). In other notice contexts, the Legislature has allowed for substantial, rather than strict, compliance with notice provisions. *See BankDirect Capital Fin., LLC v. Plasma Fab, LLC*, 519 S.W.3d 76, 81 (Tex. 2017) (noting that lawmakers have codified substantial compliance throughout numerous categories of legislation). "When the Legislature desires a not-so-bright line forgiving noncompliance, it knows what to say and how to say it." *Id.* The Legislature did not do so here, and a court would therefore likely conclude that a payee must strictly comply with the requirements of section 5.203. *See id.* Failure to meet even one requirement of section 5.203 would likely void the private transfer fee obligation.[4]

You next ask whether a change in the use of the land affects the validity or enforceability of the private transfer fee obligation. Request Letter at 1. Nothing in the statutory provisions related to private transfer fees addresses a change in the use of the land and its effect on the underlying obligation. It is possible that the contractual obligations related to the private transfer fee could address this issue and limit the applicability of the obligation if the use of the land changes. *See* Tex. Att'y Gen. Op. No. GA-1081 (2014) at 3 n.3 (stating that attorney general opinions do not construe contracts). However, subchapter G, chapter 5 of the Property Code does not impact the enforceability of a private transfer fee obligation simply because the use of the land changed.

In your final question, you ask how a seller must disclose an existing private transfer fee obligation to a potential purchaser of real property and when that disclosure must be made. Request Letter at 1. Section 5.205 of the Property Code provides that a "seller of real property

---

[4]The Legislature authorized the attorney general to "institute an action for injunctive or declaratory relief to restrain a violation" of the laws regulating private transfer fee obligations. TEX. PROP. CODE § 5.207(a). Furthermore, the attorney general may institute an action for civil penalties against a payee for a violation. *Id.* § 5.207(b).

that may be subject to a private transfer fee obligation shall provide written notice to a potential purchaser stating that the obligation may be governed by this subchapter." TEX. PROP. CODE § 5.205. Unlike the notice requirements placed on the payee in section 5.203, the Legislature did not provide detailed requirements for the seller of property encumbered with a private transfer fee obligation in providing notice to a potential purchaser. *Cf. id.* § 5.203. It did not specify a form for this disclosure or explain where or when the disclosure must be made, and the seller will therefore not be held to the strict requirements found in section 5.203. In other instances when a statute requires a seller to give notice to a potential buyer about the condition of the property or an encumbrance on the property, the statute provides specific details about how to give such notice. *See, e.g., id.* §§ 5.008 (establishing substance and timing requirements for seller's disclosure of property condition to purchaser), 5.011 ("Seller's Disclosure Regarding Potential Annexation"), 5.012 ("Notice of Obligations Related to Membership in Property Owner's Association"). The Legislature has not established similar specific requirements here about how a seller must give notice to a potential purchaser under section 5.205. In construing statutes, courts take statutes as they find them and will not amend a statute by adding words that are not contained in the language of the statute. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015). Thus, while a seller must provide notice under section 5.205 in writing, no additional statutory requirements exist concerning the form such notice must take. You also ask when the seller must make the disclosure to a potential purchaser. By requiring the seller give notice to a "potential purchaser," the language suggests that the seller must give notice before the purchase transaction. *See* TEX. PROP. CODE § 5.205. However, beyond this timing requirement, the Legislature did not specify when the notice must be made.

You also ask whether the private transfer fee obligation is void if this disclosure is not properly made. Request Letter at 1. The Legislature provided that the obligation is void if the payee does not provide the notice required by section 5.203. TEX. PROP. CODE § 5.203(f)(3). It did not do the same for notice required by the seller to a potential purchaser. *See id.* § 5.205. After the first sale of the property, the payee of the private transfer fee obligation, who must give notice under section 5.203, generally will not be the seller required to give notice under section 5.205. While a purchaser may attempt to void a sale if the seller does not provide the notice required under section 5.205, a seller's failure to provide notice will not void the payee's interest in the underlying private transfer fee obligation.

## S U M M A R Y

If the payee of a private transfer fee obligation fails to comply with the notice requirements under section 5.203 of the Property Code, the private transfer fee obligation is void, and the property is not subject to further obligation under the private transfer fee obligation. The Legislature did not authorize substantial compliance with the notice requirements of section 5.203. A court would therefore likely conclude that a payee must strictly comply with those requirements, and failure to meet even one payee requirement would void the private transfer fee obligation.

Chapter 5, subchapter G of the Property Code does not address the validity or enforceability of a private transfer fee obligation when a change in the use of the underlying land occurs.

Section 5.205 of the Property Code requires that a "seller of real property that may be subject to a private transfer fee obligation shall provide written notice to a potential purchaser stating that the obligation may be governed by this subchapter." The Legislature did not provide specific requirements regarding this notice, and a court is unlikely to read requirements into the statute that the Legislature did not enact. A seller's failure to provide notice under section 5.205 will not void the private transfer fee obligation.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee
Assistant Attorney General, Opinion Committee