Opinion issued August 13, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00804-CV

————————————

## MARTHA RENEE LESLEY-MCNIEL AND ABUNDANTIA B. G., Appellants

## V.

## CP RESTORATION INC. AND STEPHEN KAYE MCNIEL, Appellees

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2018-43521

## O P I N I O N

Martha Renee Lesley-McNiel and Abundantia B.G. (collectively, Lessors) appeal the denial of their motion, filed pursuant to the Texas Citizen's Protection Act (TCPA), to dismiss Stephen Kaye McNiel and CP Restoration Inc.'s

(collectively, Lessees) claims against them.[1] In three issues, Lessors argue that the trial court erred in denying their motion because (1) they carried their burden to show that this suit is based on communications protected by the TCPA; (2) Lessees failed to show that this suit is exempted from the TCPA's dismissal procedures; and (3) Lessees failed to come forward with sufficient evidence to support their claims.

We affirm.

## Background

This is a commercial lease dispute between Renee and Stephen McNiel. While married, the couple created and jointly owned Abundantia which owed and acted as landlord of their multi-tenant commercial building located on Emancipation Avenue in Houston. On January 1, 2015, Stephen McNiel's separately owned company, CP Restoration, entered into a five-year lease agreement (the Lease) with Abundantia for a suite (the Property) in the building.

The McNiels divorced in May 2018, and Renee was awarded full ownership of Abundantia. Shortly thereafter, on June 16, Lessors sent a "Notice of Default and Demand Letter" (Demand Letter) to Lessees, stating that they were in default for (1) failing to pay rent on the first day of each month; (2) changing the locks and temperature controls; (3) using shared tenant space; (4) occupying and altering the

---

[1]     *See* TEX. CIV. PRAC. & REM. CODE § 27.008(b) (authorizing interlocutory appeal of order denying motion to dismiss filed under TCPA section 27.003).

2

garage; (5) undertaking construction on the premises; and (6) subletting the Property.

After receiving a response from Lessees denying these allegations, Lessors followed up with a "Termination of Lease and Notice of Eviction" letter (Termination Letter), terminating the Lease and demanding that Lessees vacate by June 30.

On June 29—the day before the eviction date noticed in the Termination Letter—Lessees filed this suit, asking for a temporary restraining order, temporary and permanent injunctions, damages for breach of contract and tortious interference, and a declaratory judgment declaring that the Lease is not terminated and that CP Restoration has a possessory right to occupy it unless and until a formal eviction proceeding determines otherwise. Lessees' petition included allegations that Lessors' attempt to terminate the Lease was "for petty, personal reasons" and that Renee's "own personal conduct" caused many of Lessees' "technical defaults," including her "repeatedly set[ting] the thermostat such that the temperature . . . was around or over 80 degrees" and "entering [the Property] and removing items without [Lessee's] permission."

After a hearing, the trial court signed a temporary order restraining Lessors from denying Lessees access to the Property "until such time as" they obtain a writ of possession in an eviction proceeding "to be filed" by Lessors on July 2. Several

3

days later, Lessors filed an eviction petition with the Harris County Justice of the Peace court. On July 17, 2018, that court dismissed the petition for lack of jurisdiction. Lessors appealed the dismissal to the County Court at Law.

While the eviction suit was on appeal in the county court, Lessors filed a motion to dismiss pursuant to the TCPA. *See* TEX. CIV. PRAC. & REM. CODE § 27.003 (permitting party to file motion to dismiss in certain cases implicating the exercise of rights of free speech, association, or petition). After Lessees responded and a hearing was held, the trial court denied the motion to dismiss without specifying the grounds on which it relied and awarded the Lessees attorneys' fees and costs. Lessors filed this interlocutory appeal. *See id.* § 51.014(a)(12) (authorizing interlocutory appeal of order denying motion to dismiss filed under TCPA section 27.003).

## Texas Citizen's Participation Act

The TCPA was enacted "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government" against infringement by meritless lawsuits. *Id.* § 27.002. To achieve this purpose, the TCPA defines "a suspect class of legal proceedings that are deemed to implicate free expression, making those proceedings subject to threshold testing of potential merit, and compelling rapid dismissal—with

4

mandatory cost-shifting and sanctions—for any found wanting." *Cavin v. Abbott*, 545 S.W.3d 47, 55 (Tex. App.—Austin 2017, no pet.).

To this end, the TCPA provides for dismissal if the moving party shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the moving party's exercise of the right of free speech, the right to petition, or the right of association. TEX. CIV. PRAC. & REM. CODE § 27.005(b). Relevant here, the TCPA defines the "exercise of the right to petition" to include, among other things, communications in or pertaining to a judicial proceeding, *id.* § 27.001(4)(A)(i), and "any other communication that falls within the protection of the right to petition government" under the United States or Texas Constitution. *Id.* § 27.001(4)(E); *see Long Canyon Phase II and III Homeowners Ass'n, Inc. v. Cashion*, 517 S.W.3d 212, 221 (Tex. App.—Austin 2017, no pet.) (serving demand letter falls within TCPA's definition of right to petition).

If the movant establishes that a suit is based on protected communications, the trial court must dismiss the action unless the non-movant establishes by "clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE § 27.005(c); *accord In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) ("In reviewing [the motion to dismiss], the trial court is directed to dismiss the suit unless 'clear and specific evidence' establishes the plaintiffs' 'prima facie case.'" (citing TEX. CIV. PRAC. & REM. CODE § 27.005(c)).

Importantly, section 27.010 exempts certain types of legal actions from the TCPA altogether. *See* TEX. CIV. PRAC. & REM. CODE § 27.010. Relevant here is the "commercial speech exemption." *See id.* § 27.010(b). The party asserting the exemption bears the burden of establishing its applicability. *Schimmel v. McGregor*, 438 S.W.3d 847, 857 (Tex. App.—Houston [1st Dist.] 2014, pet. denied).

## A.     Standard of review

We review de novo a trial court's ruling on a motion to dismiss under the TCPA. *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 353 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). To the extent resolution of this appeal turns on construction of the TCPA, we also review these issues de novo. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (citing *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011)). When construing the TCPA, as with any other statute, our objective is to give effect to the legislative intent, looking first to the statute's plain language. *Id.* (citing *Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008)).

## B.     Analysis

Because it is dispositive, we limit our analysis to Lessors' second issue, in which they argue that Lessees failed to show that this suit comes within the TCPA's commercial speech exemption to prevent dismissal. *See* TEX. R. APP. P.

47.1; *see also Gaskamp v. WSP USA, Inc.*, No. 01-18-00079-CV, — S.W.3d —, 2018 WL 6695810, at *6 (Tex. App.—Houston [1st Dist.] Dec. 20, 2018, no pet.) (nonmovant "can avoid the act's burden-shifting requirements" by showing that commercial-speech exemption applies).

Lessees argue that the TCPA does not apply to and cannot support dismissal of their claims because the eviction proceedings, through which Lessors claim they are exercising the right to petition, are exempt commercial speech.

The TCPA's commercial speech exemption excludes from the TCPA summary dismissal provisions any

> legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, . . . or a commercial transaction in which the intended audience is an actual or potential buyer or customer.

TEX. CIV. PRAC. & REM. CODE § 27.010(b).

Describing it as "no model of clarity," the Texas Supreme Court has construed the exemption to apply when (1) the defendant was primarily engaged in the business of selling or leasing goods; (2) the defendant made the statement or engaged in the conduct on which the claim is based in his capacity as a seller or lessor of those goods or services; (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides; and (4) the intended audience of the statement or conduct was

7

defendant's actual or potential customers for the kind of goods or services he provides. *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018).

Lessors do not challenge any of these elements in particular,[2] but, instead, argue that the exemption does not apply to suits implicating the right to petition. As authority for this argument, they cite one case—the Texas Supreme Court's recent opinion in *Castleman*, which they contend "highlights the completely different analysis of a right to petition case under the TCPA." *See id.* But *Castleman* did not address the right to petition, nor did it in any way limit application of the commercial speech exemption to communications implicating the right to free speech.

Lessors provide no support for the contention that the exercise of the right to petition, to which the TCPA undisputedly applies, is not subject to its commercial speech exemption. *See* TEX. CIV. PRAC. & REM. CODE § 27.002 (TCPA protects "the constitutional rights of persons to petition, speak freely, associate freely"). Nor have we found any cases holding that the commercial speech exemption is so limited. *Cf. Glob. Tel\*link Corp. v. Securus Techs., Inc.*, No. 05-16-01224-CV,

---

[2] Neither in the trial court nor on appeal have Lessors challenged that (1) they were primarily engaged in the commercial leasing business; (2) they instituted the eviction proceedings in their capacity as Lessors; (3) the eviction proceedings arose out of a commercial leasing transaction; or (4) Lessees, who were Lessors' actual customers, were the intended audience of the eviction proceedings. *See Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018) (stating four requirements for application of commercial speech exemption).

2017 WL 3275921, at \*4 (Tex. App.—Dallas July 31, 2017, pet. dism'd) (mem. op.) (applying commercial speech exemption in suit implicating defendant's right to petition but holding that, in that case, its terms were not met because plaintiffs did not show defendant's communications arose out of sale of goods or services, contemplated or proposed sale, or other actual or contemplated commercial transaction).

Lessors also appear to argue that the plain text of the exemption supports their contention that it applies only to communications implicating the right to free speech. They base their argument on the statute's reference to the communications subject to the exemption as "statement[s] or conduct." According to Lessors, the term "statement or conduct" captures only communications made while exercising the right to free speech, and not the right to petition (or, following their reasoning, the right to association). The court's opinion in *Castleman* undermines this argument. Although the scope of the term "statement or conduct" was not squarely before it, the Court noted that "conduct" includes communications implicating all three of the rights protected under the TCPA:

> While "conduct" may not usually be said to have an "audience" . . . the exemption's reference to "***conduct***," as we have explained, necessarily ***refers to the "communications" that constitute the defendant's "exercise of the" rights of association, free speech, and to petition***. Within that context, the statements or conduct that constitute the exercise of a constitutional right typically do have an "audience."

*Castleman*, 546 S.W.3d at 690 n.4 (emphasis added).[3]

To the extent *Castleman* leaves any doubt that the exercise of the right to petition (here, instituting eviction proceedings) qualifies as "conduct," we turn to the text of the exemption. Because the TCPA does not define "conduct," we construe it according to its "plain meaning as commonly understood." *See Thompson v. Tex. Dep't of Licensing & Regulation*, 455 S.W.3d 569, 570 (Tex. 2014); *see also Chamul v. Amerisure Mut. Ins. Co.*, 486 S.W.3d 116, 121 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("[W]e construe [a] statute's words according to their plain and common meaning unless a contrary intention is apparent from the context or such a construction leads to absurd results."); TEX. GOV'T CODE § 311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). And the common meaning of the term "conduct" is "behavior, whether by action or inaction, verbal or nonverbal." *See Conduct*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Conduct*, Merriam-Webster Online (Mar. 6, 2019), https://www.merriam-webster.com/dictionary/conduct ("a mode or standard of personal behavior"; "the act, manner, or process of carrying on").

---

[3]   The *Castleman* court made this statement in concluding that the term "intended audience" modifies the exemption's earlier reference to the defendant's "statement or conduct," as opposed to the term "commercial transaction." *See Castleman*, 546 S.W.3d at 688.

The "exercise of the right to petition," is, by its own denomination, an *exercise*. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(4). The same is true for the "exercise of the right of free speech," and "the exercise of the right of association." *See id.* § 27.001(2), (3). One exercising his petition (or association) rights is clearly "behaving." His actions, or behavior, in exercising any of the three rights the TCPA protects therefore constitute "conduct."

We conclude that because the commercial speech exemption's reference to "statement or conduct" does not limit its application to communications that constitute a defendant's right to free speech, the exemption applies equally to communications that constitute a defendant's rights of petition and association. Accordingly, we hold that Lessees met their burden to establish that the commercial speech exemption applies to their legal action against Lessors and, therefore, the trial court did not err in denying Lessors' motion to dismiss.

We overrule Lessors' second issue.[4]

---

[4] Given our disposition of Lessors' second issue, we need not reach their first and third issues, in which they argue that they met their burden to show by a preponderance of the evidence that this action is based on, related to, or in response to their exercise of the right to petition, and that Lessees failed to establish by clear and specific evidence the elements of each of their causes of action. *See* TEX. R. APP. P. 47.1.

11

## Conclusion

We affirm the trial court's order denying Lessors' TCPA motion to dismiss.


                                    Sarah Beth Landau
                                    Justice

Panel consists of Justices Keyes, Higley, and Landau.