**Affirm and Opinion Filed October 3, 2022**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00907-CV**

**TOMER DAMTI, Appellant**
**V.**
**ACET GLOBAL, LLC, Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-04365**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

In this interlocutory appeal, Tomer Damti challenges the trial court's denial of his motion to dismiss a purported legal action pursuant to the Texas Citizens Participation Act. *See* TEX. CIV. PRAC. & REM. CODE §§ 27.001–.011. Because we conclude Mr. Damti's TCPA motion to dismiss was untimely, we affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## Background

Mr. Damti sued appellee ACET Global, LLC in 2018, asserting breach of an employment agreement between him and ACET. His petition also sought related

declaratory relief and reasonable attorney's fees and costs "under Section 22 of the Employment Agreement and under Tex. Civ. Prac. & Rem. Code § 38.001(8)."

ACET filed, among other things, a December 17, 2020 second amended answer and counterclaim in which it contended:

> 1. Plaintiff has sued Defendant ACET for breach of contract based on an Employment Agreement between Defendant ACET and Plaintiff. . . .
>
> 2. Section 22 of the Employment Agreement provides that "[i]n the event of any claim, controversy or dispute arising out of or relating to this Agreement, or the breach hereof, *the prevailing Party* shall be entitled to recover its reasonable attorneys' fees and costs in connection with any court proceeding." (emphasis added).
>
> 3. Accordingly, Defendant ACET hereby sues Plaintiff under Section 22 of the Employment Agreement to recover its reasonable attorneys' fees and costs in connection with having to defend against Plaintiff's claim against Defendant ACET for breach of the Employment Agreement.

On July 9, 2021, Mr. Damti nonsuited his claims against ACET. The trial court signed a July 14, 2021 order dismissing those claims without prejudice.

On August 9, 2021, ACET filed (1) a "Motion to Declare ACET Global, LLC the Prevailing Party" and (2) a "Motion for Attorneys' Fees and Costs."[1] In the motion regarding prevailing party status, ACET stated (1) "the only remaining issue in this case is ACET's counterclaim for attorneys' fees as the prevailing party under the Employment Agreement and the amount thereof"; (2) it "moves the Court to

---

[1] ACET filed "corrected" versions of those motions on August 31, 2021. The appellate record contains only the August 31, 2021 "corrected" versions.

declare ACET as the prevailing party in this lawsuit under Section 22 of the Employment Agreement"; and (3) "Damti's nonsuit renders ACET the 'prevailing party,' and ACET is entitled to attorneys' fees under the Employment Agreement and Texas Civil Practice and Remedies Code 38.001(8)." ACET's motion for attorney's fees and costs (1) asserted that pursuant to the employment agreement's section 22, "if the Court determines ACET is the prevailing party after Damti nonsuited his claims without prejudice, an award of ACET's attorneys' fees and costs is appropriate if equitable and just"; (2) requested that "in the event the Court finds that ACET is the prevailing party in this lawsuit, ACET be awarded its reasonable and necessary attorney's fees and costs incurred in this action"; and (3) cited both the employment agreement's section 22 and civil practice and remedies code section 38.001(8) in its argument section.

Mr. Damti filed an August 26, 2021 TCPA motion to dismiss ACET's August 9, 2021 motions. He contended his nonsuit was an "exercise of his right to petition" and "in response," ACET had filed "legal actions" that "added" both "a claim for declaratory relief" and "a claim for legal relief pursuant to Tex. Civil Prac. & Rem. Code § 38.001(8)."

ACET's response to the TCPA dismissal motion asserted, among other things, (1) the TCPA motion was untimely because it was not filed within sixty days of the December 17, 2020 counterclaim and (2) ACET's August 9, 2021 motions were not "new 'legal action[s]' that would restart the TCPA's 60-day deadline" because "the

–3–

relief sought—attorney's fees—has not changed." Additionally, ACET argued that "[i]nterpreting those motions as 'legal actions' that triggered the TCPA's protections would effectively create an endless loop in which any time a party sought disposition of a claim or claims prior to trial, the opposing party could file a TCPA motion to dismiss and halt the case in its tracks."

Mr. Damti argued in his reply (1) "[t]he 'legal action' that triggered the 60-day deadline was not [ACET's] 2020 Amended Counterclaim, but rather the August 9, 2021 filings, which sought new and until-then-unpled relief," and (2) "there is no case law to actually support what ACET requests here: to find a filing that asserts a new basis and theory for relief to be outside the scope of a 'legal action.'"

After a hearing, the trial court denied Mr. Damti's TCPA motion to dismiss.

**Standard of review and applicable law**

The TCPA is intended "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury."[2] TEX.

---

[2] The TCPA was originally enacted in 2011. The Texas Legislature amended the statute effective September 1, 2019, and those amendments apply to "an action filed on or after" that date. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Sess. Law Serv. 684, 687.

Though Mr. Damti's underlying lawsuit was filed in 2018, ACET filed its second amended answer and counterclaim and its challenged motions after September 1, 2019. In the trial court, the parties disputed which version of the TCPA applies, though each contended they should prevail under either version.

On appeal, each party reasserts that they should prevail regardless of which TCPA version is applicable. Because we agree that the outcome is the same under either version, we need not determine which version applies here. *See Escondido Res. II, LLC v. Las Tinajas Minerals, Ltd.*, No. 04-20-00132-CV, 2020 WL 7753986, at *2 n.2 (Tex. App.—San Antonio, Dec. 30, 2020, no pet.) (mem. op.) (declining to address

CIV. PRAC. & REM. CODE § 27.002; *Perry v. Gleiser*, No. 05-21-00743-CV, 2022 WL 1089915, at \*2 (Tex. App.—Dallas Apr. 12, 2022, no pet.) (mem. op.). To that end, the statute provides for dismissal of certain "legal actions" pursuant to a motion filed not later than the sixtieth day after the date of service of the legal action. TEX. CIV. PRAC. & REM. CODE § 27.003(b).

"We review de novo a trial court's ruling on a TCPA motion to dismiss, and in conducting this review, we consider, in the light most favorable to the non-movant, the pleadings and any supporting and opposing affidavits stating the facts on which the claim or defense is based." *Vertical Holdings, LLC v. LocatorX, Inc.*, No. 05-21-00469-CV, 2022 WL 130903, at \*3 (Tex. App.—Dallas Jan. 14, 2022, no pet.) (mem. op.). We also review de novo questions of statutory construction. *Barnes v. Kinser*, 600 S.W.3d 506, 509 (Tex. App.—Dallas 2020, pet. denied) (citing *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam)).

The original version of TCPA section 27.001(6) defined "legal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief."[3] The TCPA's 2019 amendments added "declaratory" relief to the types of relief that could be requested. Additionally, the current version states, "The term ["legal action"] does

which TCPA version applied where original suit was filed before effective date of 2019 TCPA amendments but counterclaims movant sought to dismiss were alleged after effective date, because conclusion was same under either version). In this opinion, all TCPA citations are to the current version unless otherwise indicated.

[3] *See* Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64.

not include . . . a procedural action taken or motion made in an action that does not amend or add a claim for legal, equitable, or declaratory relief." TEX. CIV. PRAC. & REM. CODE § 27.001(6)(A).

The Texas Supreme Court recently addressed the issue of when an amended pleading constitutes a new legal action for purposes of section 27.003(b)'s sixty-day filing window. *See Montelongo v. Abrea*, 622 S.W.3d 290, 297–301 (Tex. 2021). Our supreme court concluded:

> [A]n amended or supplemental pleading that asserts a new claim involving different elements than a previously asserted claim also asserts a new legal action that triggers a new sixty-day period for filing a motion to dismiss that new claim. A new claim that does not involve different elements, however, or that is merely a "subset" of previously filed claims, does not assert a new legal action.

*Id*. at 301.

**Analysis**

In his first issue, Mr. Damti contends the trial court erred to the extent it rejected his position that ACET's August 9, 2021 motions "asserted 'legal actions' within the meaning of TCPA § 27.003, thus starting the time for Damti to move to dismiss those legal claims pursuant to the TCPA." According to Damti, because ACET's motions "added" two "new claims" and "assert[ed] a new basis and theory for relief," the time period to file his TCPA motion "began from the date those new claims were filed."

ACET responds that though it "first filed the Counterclaim in which it sought fees as the prevailing party in December 2020," Mr. Damti "did not file the TCPA Motion until August 26, 2021—more than six months after the statutory deadline." ACET contends Mr. Damti's argument that the August 9, 2021 motions "reset" the statutory clock "ignores . . . that ACET did not bring any new claims in those Motions."

Even in the doubtful event that ACET's challenged motions otherwise fall within section 27.001(6)'s threshold parameters for a "legal action,"[4] we disagree with Mr. Damti's position that the motions triggered the TCPA filing period by asserting newly added claims. ACET's second amended counterclaim sought attorney's fees and quoted the employment agreement's section 22, which stated "[i]n the event of any claim, controversy or dispute arising out of or relating to this Agreement, or the breach hereof, the prevailing Party shall be entitled to recover its reasonable attorneys' fees and costs in connection with any court proceeding." ACET's August 9, 2021 motions pertained to prevailing party status and recovery of attorney's fees in a contract case.

On this record, we cannot conclude the requests in ACET's motions constituted more than "merely a 'subset' of previously filed claims." *See Montelongo*, 622 S.W.3d at 301; *see also Jackson v. Ali Zaher Enters., LLC*, No. 05-

---

[4] *See Barnes*, 600 S.W.3d at 510 ("[C]onstruing any counterclaim or motion seeking relief as a legal action under the TCPA definition would defeat the underlying purpose of the statute.").

18-00288-CV, 2019 WL 698019, at *3 (Tex. App.—Dallas Feb. 20, 2019, no pet.) (mem. op.) (explaining that under "fair notice" standard, pleader seeking attorney's fees "is under no obligation to provide citation to statutes, subsections of statutes, or decisions and authority applying it"). Thus, the challenged motions did not "add a claim" or "assert a new legal action" that triggered the TCPA's sixty-day filing window. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(6)(A); *Montelongo*, 622 S.W.3d at 301; *see also Perry*, 2022 WL 1089915, at *3 ("We have stated that filing an amended petition that does not alter the essential nature of an action will not reset the sixty-day deadline."). We conclude Mr. Damti's TCPA motion to dismiss was not timely. *See* TEX. CIV. PRAC. & REM. CODE § 27.003(b). In light of that conclusion, we need not address Mr. Damti's remaining issues. *See* TEX. R. APP. P. 47.1.

We affirm the trial court's order denying Mr. Damti's TCPA motion to dismiss.


/Cory L. Carlyle/
210907f.p05                                     CORY L. CARLYLE
                                                JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TOMER DAMTI, Appellant

No. 05-21-00907-CV     V.

ACET GLOBAL, LLC, Appellee

On Appeal from the 192nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-18-04365. Opinion delivered by Justice Carlyle. Justices Molberg and Partida-Kipness participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's order denying appellant Tomer Damti's motion to dismiss pursuant to the Texas Citizens Participation Act.

It is **ORDERED** that appellee ACET Global, LLC recover its costs of this appeal from appellant Tomer Damti.

Judgment entered this 3rd day of October, 2022.