# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00052-CV

**Fort Bend Independent School District, Appellant**

**v.**

**Ken Paxton, Attorney General of the State of Texas, Appellee**

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-003596, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Fort Bend Independent School District (the District) sued Ken Paxton, Attorney General of the State of Texas, seeking a declaration that the cell phone logs for personal cell phones belonging to District trustees and employees are exempt from the disclosure requirements of the Texas Public Information Act (PIA). *See* Tex. Gov't Code §§ 552.001-.353. The Attorney General argued that the cell phone logs were public information subject to the PIA's disclosure requirements to the extent they contained information about cell phone calls and text messages made in connection with the transaction of the District's official business. The parties filed cross motions for summary judgment, and the trial court granted the Attorney General's and denied the District's. On appeal, the District challenges the trial court's ruling as an incorrect reading of the PIA. We will affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

The District received requests for the cell phone records, redacted to exclude records related to personal phone calls, of ten individuals who were either members of the District's Board of Trustees or District employees. The District withheld the phone records on the ground that they were excepted from disclosure under the PIA because they did not constitute "public information" as that term is defined in PIA section 552.002(a). *See id.* § 552.002(a) (defining "public information"). In conjunction with its conclusion to withhold the phone records, the District sought a decision from the Attorney General's Open Records Division (the ORD) that the cell phone records at issue were not "public information" covered by the PIA. *See id.* § 552.301 (governmental body that receives written request for information it wishes to withhold from public disclosure must ask for attorney general decision). The ORD's letter decision noted that "virtually all of the information in a governmental body's physical possession constitutes public information" subject to the PIA. The ORD also stated that information that is "written, produced, collected, assembled, or maintained" by an individual officer or employee of a governmental body in the officer's or employee's official capacity is subject to disclosure under the PIA if it pertains to official business of the governmental body. *See id.* § 552.002(a)(3). The ORD concluded that "to the extent the telephone calls at issue were made in connection with the transaction of" the District's public business, the cell phone records, which were logs of calls made and received and text messages sent and received, were subject to the PIA. The ORD emphasized that a governmental body may not "circumvent the applicability of the [PIA] by conducting official public business in a private medium." Therefore, the ORD stated, it was of no consequence either that the logs at issue were logs of calls and texts made from personal cell phones that the District did not pay for or that the call logs were not

2

"collected, assembled, or maintained by" the District. The ORD determined that call logs of the individuals' cell phones, to the extent they reflected calls and text messages made in connection with the transaction of the District's public business, must be released unless otherwise excepted from disclosure.

The District then timely filed suit against the Attorney General seeking to withhold the call logs from the requestor. *See id.* § 552.324 (governmental body may file suit against attorney general seeking declaratory relief from attorney general opinion issued under section 552.301). The Attorney General answered and requested that the district court render judgment declaring that the call logs must be disclosed to the requestor as determined by the ORD. The District and the Attorney General filed cross-motions for summary judgment; the district court granted the attorney general's motion and denied the District's. The District perfected this appeal.

### STANDARD OF REVIEW

We review the district court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for summary judgment must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see also Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Texas Worker's Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004).

3

This appeal involves statutory construction, which presents questions of law that we review de novo. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Our primary objective when construing statutes is to give effect to the Legislature's intent, which we seek first and foremost in the text of the statute. *First Am. Title Co. v. Combs*, 258 S.W.3d 627, 631-32 (Tex. 2008). The plain meaning of the text is the best expression of legislative intent, unless a different meaning is apparent from the context or application of the plain meaning would lead to absurd results. *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). We consider the statute as a whole, not as isolated individual provisions, and we do not give one provision a meaning out of harmony or inconsistent with other provisions, even though it may be susceptible to such a construction standing alone. *See Texas Dep't of Transp. V. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

**DISCUSSION**

The PIA's purpose is to provide the public with access to complete information about government affairs and the official acts of public officials and employees. Tex. Gov't Code § 552.001(a); *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011). In support of this purpose, the PIA directs that it be liberally construed in favor of disclosure of requested information. *See* Tex. Gov't Code § 552.001; *Jackson*, 351 S.W.3d at 293. The PIA contains a non-exclusive list of categories of public information, *see* Tex. Gov't Code § 552.002, as well as certain specific exceptions from required disclosure, *see id.* §§ 552.101-.154. Exceptions to the PIA's disclosure requirement are narrowly construed. *Arlington Indep. Sch. Dist. V. Texas Att'y General*, 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.).

4

The central issue in this case is whether call logs of telephone calls made and received and text messages sent and received by the District's trustees and employees on their personal cell phones can constitute "public information" as that term is defined in the PIA. The District argues that they cannot for the following reasons: (1) the logs were not "collected, assembled, or maintained" by the District and the District does not have a right of access to them; (2) the logs were not "collected, assembled, or maintained" by individual officers or employees of the District in their official capacities; and (3) the logs were not "used in connection with the transaction of the District's official business." The District maintains that records of calls made and texts sent by public officials using their personal cell phones are not records that are "collected, assembled, or maintained by or for" the governmental body and therefore do not constitute "public information" under the PIA. The Attorney General counters that the call logs were created by the District's trustees and employees when they chose to transact official District business using their personal cell phones and the PIA does not require that information be "used" by the governmental body to fall within the definition of "public information." The Attorney General argues that the call logs constitute information produced for the District to which the District has a right of access or by the District's trustees and employees acting in their official capacities while transacting District business and, consequently, constitute "public information" as that term is defined in section 552.002 of the PIA. *See* Tex. Gov't Code § 552.002(a)(2), (3).

Because it is dispositive, we consider whether the cell phone logs at issue in this case fall within the definition of "public information" found in PIA section 552.002(a)(3). This section provides, in pertinent part, that "public information" means "information that is written, produced, collected, assembled, or maintained [] in connection with the transaction of official

5

business [] by an individual officer or employee of a governmental body in the officer's or employee's official capacity and the information pertains to official business of the governmental body." *Id.* § 552.002(a)(3). As an initial matter, regarding what the District was required to disclose, the ORD limited that information to the cell phone logs of phone calls "made in connection with the transaction of public business of the district." Therefore, the only remaining issues are (1) whether the cell phone logs constitute "information that is written, produced, collected, assembled, or maintained" by the District's trustees and employees; (2) whether that information was written, produced, collected, assembled, or maintained by the District's trustees and employees "in their official capacities"; and (3) whether the information "pertains to official business" of the District. We address these issues in turn.

The "information" at issue here is the dates and times of calls and text messages made and received, the length of the calls, and the phone number of the incoming or outgoing call or text message. The parties join issue on whether the information at issue was "produced" by the District's trustees and employees or, instead, by the third-party cell phone provider who compiled the call log. The definition of "produce" includes "to cause to have existence or to happen: bring about." *See Webster New Int'l Dictionary* (2002). The information contained in the cell phone logs was "caused to have existence" by the District's trustees' and employees' actions of making or receiving phone calls or text messages. Thus, that information was "produced" by them. The District's trustees and employees were aware that information about their conduct in making and receiving phone calls and text messages in connection with the transaction of the District's public business on their personal cell phones was being captured, compiled, and recorded by their cell phone service provider in the form of a call log and that the call logs were a routine and expected consequence of their actions. The fact that the cell phone

6

service provider was the entity that actually printed and distributed the *record* of the information created by the District's trustees and employees does not alter the fact that the information itself was the product of those individuals' actions and, therefore, produced by them. While the word "produce" has more than one dictionary definition, the most reasonable one in the context of the PIA as a whole is the one chosen here. *See Gulf Metals Indus., Inc. v. Chicago Ins. Co.*, 993 S.W.2d 800, 806 (Tex. App.—Austin 1999, pet. denied) (observing that courts must determine the meaning of terms in their particular context). The PIA's express purpose is to provide the public with "complete information about the affairs of government and the official acts of public officials and employees." Tex. Gov't Code § 552.001(a). The PIA also mandates a liberal construction to implement this policy and one favoring a request for information. *Id.* § 552.001(b).

The District asserts that the cell phone records themselves were compiled and distributed by third-party cell phone providers, not the District's trustees or employees, and therefore are not "public information." However, to exclude from the purview of the PIA information "brought into existence," i.e., "produced," by a public official or employee that reflects his official acts simply because a known consequence of the action would be creation of a written record of that action is contrary to the PIA's goal of promoting the public's legitimate interest in transparent government. *See Greater Houston P'ship v. Paxton*, 468 S.W.3d 51, 53 (Tex. 2015) (recognizing that PIA "imposes considerable disclosure obligations on 'governmental bodies'"); *Adkisson v. Paxton*, 459 S.W.3d 761, 772 (Tex. App.—Austin 2015, no pet.) (noting it would be "absurd result" to conclude that public official "could conduct all his official County business correspondence through his personal email accounts without it being subject to the PIA"). The fact that a public official made or received a call or sent or received a text message

7

in connection with the transaction of official business is "information" that the public has a legitimate interest in. That information, even if conveyed by means of a call log maintained by a cell phone provider, is still public information. We conclude that the information about calls and text messages sent and received by the District's trustees and employees that is contained in the cell phone logs is "information that is written, produced, collected, assembled, or maintained" by the District's trustees and employees.

We next consider whether the information in the call logs was produced by the District's trustees and employees "in their official capacities." As previously noted, the ORD decision limited the information that the District must provide to the requestor to calls and text messages "made in connection with the transaction of public business of the district." The PIA provides that information is "in connection with the transaction of official business" if it is created by "an officer or employee of the governmental body in the officer's or employee's official capacity." Tex. Gov't Code § 553.003(a-1). Thus, by definition, the information the ORD determined must be produced constitutes information produced in the District's trustees' and employees' official capacities.

The District, however, asserts that the information contained in the cell phone logs cannot be considered to be information "in connection with the transaction of official business" because, according to the District, the call logs "do not include any communicative action" and the cell phone logs were not "used" in connection with a matter related to the District's official business. As an initial matter, the statute does not impose any requirement that the information be "used" by the District to constitute public information. Nowhere in the definition of "public information" does the term "used" appear. Second, we disagree that the information contained in the cell phone logs does not meet the PIA's definition of "public

8

information" because it includes no "communicative action." The statute requires that, to be "public information," the information must be in connection with the "transaction" of official business. *Id.* § 552.002(a). This Court has determined that, in the context of the PIA, the term "transaction" means "an act, process, or instance of transacting: as a communicative action or activity involving two parties or two things reciprocally affecting or influencing each other." *Adkisson*, 459 S.W.3d at 771 (citing *Webster's Third New Int'l Dictionary* 2425 (2002)). It cannot be disputed that a telephone conversation or a text message exchange between two individuals constitutes an act of communicating between two parties as well as an activity involving two parties "reciprocally affecting" each other. Although the District maintains that the cell phone logs do not themselves reveal the substance of the communications between the parties, as would a recording of the phone call or transcript of the text message itself, that is not required by the statute. Rather, the statute requires that the information be "in connection" with the transaction, i.e., "in connection" with the parties' communicative phone conversation or text message exchange. *See* Tex. Gov't Code § 552.002(a). Information is "in connection" with the transaction of official business if it is "created by" an officer or employee of the governmental body in his official capacity. *Id.* § 552.002(a-1). This Court has described the term "in connection with" as one of "intentional breadth." *See Titan Transp., LP v. Combs*, 433 S.W.3d 625, 637 (Tex. App.—Austin 2014, pet. denied). The Texas Supreme Court has also expressed a "similar view." *See Tarrant County v. Bonner*, 574 S.W.3d 893 (Tex. 2019) (citing *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam) (construing "in connection with" and "relates to" as effective synonyms in context of Texas Citizens Participation Act)). The supreme court has stated that it is generally error to construe the phrase as requiring more than a tangential, tenuous, or remote relationship between the connected items. *See ExxonMobil*

9

*Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900-01 (Tex. 2017). It cannot be disputed that, applying this broad definition, the cell phone logs—which record the date, time, and duration of calls and text messages made and received by the public officials—are "in connection" with the communications by public officials that gave rise to them. Moreover, it seems curious for the District to suggest that the substance of the communications—recordings of calls or text of the text messages—would be the proper subject of a PIA request because they would reflect "communicative action" but the bare record of the communication's occurrence would not. Additionally, as already discussed, the cell phone logs meet the statutory definition of information in connection with the transaction of official business because the information they contain was "created" by the public officials through their use of the cell phone to make and receive phone calls and transmit and receive text messages.

Finally, we consider whether the information in the cell phone logs "pertains to official business" of the District. The PIA defines "official business" as "any matter over which a governmental body has any authority, administrative duties, or advisory duties." Tex. Gov't Code § 552.003(2-a). Again, we note that the ORD has limited the information the District must release to information about phone calls or text messages made in connection with the transaction of the District's public business. The District's business is, by definition, a matter over which it has authority, administrative duties, or advisory duties. Thus, information about calls made in connection with transaction of the District's business necessarily "pertains to official business." The District argues that, "practically speaking, there is no way for the District to know whether the logs pertain to official business" because (1) the District cannot know whether a call from a District trustee or employee to a number not included in that person's list of telephone contacts was a personal or District-business related call and (2) even calls that

10

would appear on their surface to be in connection with District business, e.g., calls between District trustees or employees, may not actually meet that definition because "colleagues are oftentimes friends, and while a phone recording, transcript, or text message thread often contains substantive communications, call logs do not." While there can be no doubt that the District's observations about the difficulty of identifying which calls and text messages relate to its business have merit, that difficulty is the result of the District's trustees' and employees' decisions to use their personal cell phones to conduct official business. *See Horton v. Welch*, No. 12-19-00381-CV, 2020 WL 1697439, at \*4 (Tex. App.—Tyler Apr. 8, 2020, no pet.) (mem. op.) (noting that governmental body may not circumvent applicability of PIA by conducting official business using private medium). The District asserts that the ORD's decision would impose on every governmental officer or employee the draconian task of "tak[ing] notes for *every phone call*." (Emphasis in original). However, the District's difficulty in ascertaining which calls and texts pertain to official business, and which do not, does not inform our initial determination of whether the cell phone logs the ORD has determined should be released are, in fact, public information. *See Industrial Found. of the S. v. Texas Indus. Accident Bd.*, 540 S.W.2d 688, 687 (Tex. 1976) (holding that PIA does not allow either custodian of records or court to consider cost or method of supplying requested information in determining whether such information should be disclosed).

Finally, the District argues that public officials have a reasonable expectation of privacy in their personal telephone and text message logs. But to comply with the PIA request, it is not necessary that the District seize the trustees' and employees' personal cell phones to search for public records. The trustees and employees themselves can provide the information related to their cell phone use that is related to the District's public business—information about which

11

they have no reasonable expectation of privacy—and withhold or redact any information that is private or personal. The ORD has not ordered that the District release every piece of data contained in the private cell phones of its trustees and employees. Instead, it has ordered the release of information that relates to the District's official business; public information that happens to be contained in the cell phone logs of its trustees and employees.

## CONCLUSION

We conclude that the cell phone logs the ORD has determined must be released meet the definition of "public information" provided by section 552.002(a)(3) of the PIA. The trial court did not err in granting the Attorney General's motion for summary judgment, denying the District's, and ordering that the District release the information not excepted from disclosure by the ORD. The trial court's judgment is affirmed.

_____
Thomas J. Baker, Justice

Before Justices Baker, Theofanis, and Jones[*]

Affirmed

Filed: July 13, 2023

[*]Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).